THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DENNIS AND GAYLENE LACEFIELD, | ) | Case No.  2:12CV00685 DS |
| Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | | AND ORDER |
| WAL-MART STORES, INC., | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

On the evening of May 19, 2009, Dennis Lacefield went to the Wal-Mart store in Layton, Utah to purchase two bags of potting soil.  He was directed by a Wal-Mart employee to a garden supply area next to the exterior of the store in a blocked-off section of the parking lot.  The potting soil was packaged in bags and stacked on 3 rows of pallets.  Wal-Mart represents that the bags weigh 10 pounds each and are approximately 3 feet by 5 inches.[1]

Mr. Lacefield left his shopping cart at the entry of the display and walked in between the first row of pallets to retrieve a bag of potting soil.  He picked up one bag of potting soil, holding it in front of him with both hands, and took the same path back to his shopping cart, a distance of approximately 8 feet.

---

[1]Although Plaintiff testified that each bag weighed 10 pounds, he now believes the  actual weight may be more than 10 pounds.

While doing so, his left pant leg allegedly caught the edge of a metal price sign causing him to trip and fall.  Mr. Lacefield testified that he did not have any difficulty carrying the bag which weighs approximately ten pounds.

Mr. Lacefield did not ask any Wal-Mart employees to help him retrieve the bag of potting soil.  At the time of the incident, the price sign was on the ground near the corner of the pallet in a upward position.   Mr. Lacefield testified that he saw the sign prior to entering the row of pallets and that it was not located in the pathway between the pallets.   The area where the incident occurred was illuminated by parking lot lights.

Wal-Mart seeks summary judgment on Plaintiffs' claims, allegedly arising out of the trip and fall, because of Plaintiffs inability to satisfy the requirements of landowner liability set forth in *English v. Kienke*, 848 P.2d 153 (Utah 1993).

## II.  SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[2]  *E.g., Celotex Corp. v.*

---

[2]Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

*Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242.

### III.  DISCUSSION

### A.  Liability of Property Owner

"The duty of care that possessors of land in Utah owe to invitees upon their property is set forth in sections 343 and 343A of the Second Restatement of Torts.  *See English v. Kienke*, 848 P.2d 153, 156 (Utah 1993)".[3]  *Hale v. Beckstead*, 116 P.3d 263, 265-66 (Utah 2005).

---

[3]The parties agree that this is the applicable standard of care.

3

Section 343 of the Restatement provides:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves and unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against danger.

Restatement (Second) of Torts, § 343.

Restatement § 343A governs "known or obvious dangers." Under that section "[a] possessor of land is not liable to his invitees for physical harm caused to them by any ... condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A.

The first inquiry under the applicable standard of care is whether Wal-Mart knew, or should have realized, that the metal price sign involved an unreasonable risk of harm to Mr. Lacefield. The record reflects that the price sign was positioned upright, out of the pathway, near the pallet on which the bags of potting soil were located. It was obvious and readily observable. The record does not support the conclusion, nor are there any material facts

in dispute, that the price sign involved an unreasonable risk of harm to Mr. Lacefield.

Similarly under the second inquiry, even if it is assumed that the metal price sign did pose a risk of harm to Mr. Lacefield, the record does not support the conclusion, nor are there any material facts in dispute, that Wal-Mart should have expected that Mr. Lacefield would not discover or realize the danger, or that he would fail to protect himself against any such danger. The price sign was placed immediately next to a pallet of potting soil in the exterior garden center. It was not in the pathway. The Court takes judicial notice that these types of signs are common at Wal-Mart stores. The price sign was obvious and readily observable. Indeed, Mr. Lacefield saw the price sign prior to entering the row of pallets to retrieve a bag of potting soil. Apparently, it was only moments later that he proceeded to exit the same way he entered. Therefore, even if the price sign created any unreasonable risk of harm, and notwithstanding Mr. Lacefield's contention that he did not perceive the metal sign to be a

dangerous condition, the condition was observed by, and known to, him.[4]

Neither is there any evidence, or disputed issue of material fact, that Wal-Mart failed under the third prong of the standard of care to exercise reasonable care to protect Mr. Lacefield against any danger from the placement of the metal price sign.

Likewise, there is no evidence or persuasive argument that Wal-Mart should have anticipated the harm despite the obviousness of the condition or the knowledge of Mr. Lacefield.

**B. Plaintiff's Rule 56(f) Position**

Mr. Lacefield's position that summary judgment in this case is premature is rejected. As generally outlined by Wal-Mart, *see* Reply at 14-18, Mr. Lacefield has failed to meet the appropriate standard for entitlement to the relief requested.

---

[4]Mr. Lacefield's reliance on comment f of section 343(A) is rejected. *See Hale*, 116 P.3d at 269 (quoting Restatement (Second) of Torts § 343A cmt. 1(f))("[w]here an 'invitee's 'attention may be distracted, such that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it,' a possessor of land may be liable for breaching his duty of care if he fails 'to warn ... or to take other reasonable steps to protect [the invitee].'" Mr. Lacefield saw the metal price sign when he entered the pathway to the potting soil.  There is no evidence that he was distracted when he entered. He exited the same way. Similarly, there is no evidence that he forgot what he discovered, or that he otherwise would fail to protect himself.

## IV.  CONCLUSION

For the reasons stated, as well for the reasons outlined by Wal-Mart in its pleadings, Wal-Mart's Motion for Summary Judgment (Doc.#18) is granted.

The Clerk of Court is requested to enter final judgment for Defendant Wal-Mart.

IT IS SO ORDERED.

DATED this 10th day of October, 2013.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT